IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

**FILED**

AUG - 5 2011

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

JAMES CITY COUNTY, VIRGINIA,      )
a political subdivision of the                )
Commonwealth of Virginia,             )
101-C Mounts Bay Road,                 )
Williamsburg, VA 23185                  )
                                                       )
                                                       )
　　　Plaintiff,                              )
                                                       )
　　　v.                                         )
                                                       )
ERIC HOLDER,                               )
Attorney General of the                   )
United States of America,                 )
THOMAS PEREZ                           )
Assistant Attorney General,            )
Civil Rights Division, United States )
Department of Justice, Washington, DC, )
                                                       )
　　　Defendants.                         )
_____)

Case: 1:11-cv-01425
Assigned To : Friedman, Paul L.
Assign. Date : 8/5/2011
Description: 3-Judge Court

## COMPLAINT

James City County, Virginia, alleges that:

1. This is an action brought for declaratory relief pursuant to Section 4 of the Voting Rights Act of 1965 (the "Act"), as amended, 42 U.S.C. §1973b (hereinafter "Section 4"). This Court has jurisdiction over this action pursuant to 28 U.S.C. §1343(a)(4), 28 U.S.C. §2201, 42 U.S.C. §1973b, and 42 U.S.C. §1973l(b).

2. Plaintiff James City County ("the County") is a political subdivision of the Commonwealth of Virginia and a political subdivision of a state within the meaning of Section 4(a) of the Act, 42 U.S.C. §1973b(a)(1). The County is located on the Virginia Peninsula in the Hampton roads area of Virginia.

3. James City County is governed by a five-member Board of Supervisors, each of whom is elected from a single-member district. Terms of office are four years in length and are staggered.

4. Another governmental unit operating within James City County is the Williamsburg-James City County School District. The School District's governing body is the Williamsburg-James City County School Board, a seven-member body comprised of two members appointed by the City of Williamsburg and five members elected from the same single-member districts as the James City County Board of Supervisors. Members of the School Board, both appointed and elected, serve four-year staggered terms. .

5. James City County is a covered jurisdiction subject to the special provisions of the Act, including Section 5 of the Act. 42 U.S.C. §1973c. Under Section 5, James City County is required to obtain preclearance from either this Court or from the Attorney General for any change in voting standards, practices and procedures since the Act's November 1, 1964 coverage date for Virginia.

6. According to the 2010 census, James City County, Virginia has a total population of 67,009. The voting age population of James City County, according to the 2010 census, is 52,624; of this number, 7041(or 13.4%) are black, 1966 (or 3.7%) are Hispanic, and 1371 (or 2.6%) are Asian.

7. Since its inception in 1965, the Act has allowed States, which are subject to these special provisions of the Act, to exempt themselves from coverage under the Act's special remedial provisions, if they can satisfy standards established in the Act. This exemption process is known as "bailout".

8. In 1982, Congress made changes in the exemption standards of the Act. As amended in 1982, Section 4 of the Act provides that States, as well as political subdivisions within those States that are covered under the special provisions of the Act, are entitled to a declaratory judgment in this Court granting an exemption from the Act's special remedial provisions if, during the ten years preceding the filing of the action:

> A) no test or device has been used either for the purpose or with the effect of denying or abridging the right to vote on account of race, color, or membership in a language minority group, within the State or political subdivision seeking a declaratory judgment;
> B) no final judgment has been entered by any court determining that the political subdivision has denied or abridged the right to vote on account of race, color, or membership in a language minority group;
> C) no Federal examiners have been assigned to the political subdivision;
> D) all governmental units within the political subdivision have complied with the preclearance provisions of Section 5 of the Voting Rights Act, 42 U.S.C. §1973c; and
> E) the Attorney General has not interposed any objection to any proposed voting change within the political subdivision and no declaratory judgment has been denied with regard to such a change by this Court under Section 5.

9. As amended in 1982, Section 4 of the Act also requires States and political subdivisions seeking an exemption from the Act's special provisions to show that, during the pendency of the declaratory judgment action seeking such exemption:

> A) Any voting procedure or method of election within the state or political subdivision exists which inhibits or dilutes equal access to the electoral process has been eliminated;
> B) Constructive efforts have been made by the political subdivision to eliminate any intimidation or harassment of persons exercising rights under the Voting Rights Act; and
> C) Expanded opportunities for convenient registration and voting exists within the State or political subdivision.

3

10. As described herein, plaintiff James City County has fully complied with the provisions of Section 4 of the Act.

11. Like all other jurisdictions in the Commonwealth of Virginia, James City County does not collect or maintain voter registration data by race. Current data show, however, that a significant proportion of James City County's voting age population is registered to vote. As January 1, 2011, there were 49,391 registered voters in James City County, or approximately 94% of James City County's voting age population.

12. The number of registered voters in James City County has steadily risen over the last decade. In 2000, for example, there were 33,378 registered voters in James City County. By 2006, the number of registered voters had increased to 42,972, or approximately 95% of James City County's voting age population. As of November 1, 2010, the number of registered voters had swelled to 48,995. As of July 29, 2011, there were 49,988 registered voters in James City County.

13. Voter turnout in elections within James City County (*i.e.*, the percentage of those registered voters who cast ballots) varies according to the offices up for election. For example, in the last three Presidential elections (2000, 2004, and 2008), 74.98%, 77.97%, and 79.97% of James City County's registered voters turned out to vote, respectively. In the last three elections for James City County Board of Supervisors, held in 2009, 2007, and 2005, 48.65%, 28.90%, and 52.10% of James City County's registered voters turned out to vote, respectively.

4

14. There are currently nineteen (19) polling locations in James City County (including the central absentee voting precinct) located conveniently to voters throughout the County.  All polling places in James City County are accessible to voters with physical disabilities.

15. As a political subdivision of the Commonwealth of Virginia, plaintiff James City County has been subject to certain special remedial provisions of the Act, including the provisions of Section 5 of the Act, 42 U.S.C. §1973c.  Under Section 5 of the Act, known as the "preclearance" provisions, covered jurisdictions, including James City County, are required to seek and obtain preclearance from either this Court or from the United States Attorney General of any change affecting voting, and such preclearance must be obtained prior to implementation.

16. Since 1965, James City County has made numerous preclearance submissions to the United States Department of Justice pursuant to Section 5 of the Act, 42 U.S.C. §1973c.  Since 1982, James City County has submitted seven (7) voting changes for preclearance to the United States Department of Justice pursuant to Section 5 of the Act, 42 U.S.C. §1973c.

17. Within the ten years preceding the filing of this action, James City County has not enforced any voting changes prior to Section 5 preclearance.  Nor has the Attorney General ever interposed a Section 5 objection to any change affecting voting in James City County since the Act was first enacted in 1965. James City County has never sought judicial preclearance of any voting changes in this Court.

18. Voter registration opportunities in James City County are readily and equally available to all citizens.   The voter registration office for James City County is located in a location that is convenient for all James City County residents at 101-B Mounts Bay Road in Williamsburg, Virginia 23185.  The voter registration office is open from 8:00 a.m. to 5:00 p.m., Monday through Friday (except some holidays).  Persons desiring to become a registered voter may also obtain a voter registration application at the following offices from Monday through Friday 8:00 a.m. to 5:00 p.m.: the Satellite Voter Registration Office at 3127 Forge Road, Toano, VA 23168; and the Human Services Center at 5249 Olde Towne Road, Williamsburg, VA 23188.

19. Voters in James City County may also register by mail, and voter registration applications are available at locations convenient to all prospective voters in James City County.  The following State Agencies in Virginia have been designated as Voter Registration Sites: Department of Motor Vehicles; Department for the Deaf and Hard of Hearing; Department of Social Services; Department of Health; the Department of Rehabilitative Services; Department for the Visually Handicapped; Department of Game and Fisheries; and the Department for the Rights of Virginians with Disabilities.  Voter registration applications may also be obtained at the following locations: State or local government offices when applying or recertifying for Aid to Dependent Children, Food Stamps, WIC, Medicaid, or Rehabilitation Services; Government offices in the State that provide State-funded programs primarily engaged in providing services to person with disabilities; Armed forces

6

recruitment offices; Public libraries; and the State Board of Elections in Richmond.

20. James City County appoints approximately eight (8) to twelve (12) persons per polling place each election to serve as poll officials. The opportunity to serve as a poll official is available to any registered voter in the County. Information on how to become a poll worker in James City County is available on the County's website at http://www.jccegov.com/pdf/voter/2010/OE%20Prospect%20Letter%20On%20Line.pdf.

21. In the most recent elections held in James City County (November 2010), the County used 196 poll workers (including alternates). Of this number 27 (or 13.7%) were members of racial or language minority groups. The percentage of minority poll workers roughly approximates the minority voting age population percentage in the County which is 18.9%.

22. Minority candidates have run without incident for both the James City County Board of Supervisors and for the Williamsburg-James City County School Board. Since 2000 James City County has twice elected an African-American (Harrison) to the James City County Board of Supervisors. In addition, since 2000 three African-Americans (Rodgers, Campbell and Brown) and one Hispanic person (Fuentes) has served on the Williamsburg-James City County School Board. No person in James City County has been denied the right to vote on account of race, color, or membership in language group for at least the preceding ten years.

7

23. No "test or device" as defined in the Act (42 U.S.C. §1973b(c)) has been used in James City County as a prerequisite to either registering or voting for at least the preceding ten years.

24. No final judgment of any court of the United States has determined that denials or abridgments of the right to vote on account of race or color have occurred in James City County, nor has James City County entered into any consent decree, settlement or agreement resulting in any abandonment of a voting practice challenged on such grounds. There are no pending actions against James City County alleging such denials or abridgments of the right to vote.

25. No voting practices or procedures have been abandoned by James City County or challenged on the grounds that such practices or procedures would have either the purpose or the effect of denying the right to vote on account of race or color or membership in a language minority group.

26. James City County has not employed any voting procedures or methods of election that inhibit or dilute equal access to the electoral process by minority voters in James City County. Minority voters in James City County are not being denied an equal opportunity to elect candidates of their choice to the James City County Board of Supervisors or the Williamsburg-James City County School Board.

27. Federal examiners have never been appointed or assigned to James City County under Section 3 of the Act, 42 U.S.C. §1973a.

28. Because there has not been any known intimidation or harassment of persons exercising rights protected under the Act in James City County within the last ten years, James City County has not had any occasion to take any action eliminating such activity.

29. The allegations set forth in paragraphs 11 through 28, above, if established, entitle James City County to a declaratory judgment under Section 4 of the Act, 42 U.S.C. §1973b, exempting James City County and all governmental units within James City County from the special remedial provisions of the Act.

30. Pursuant to 42 U.S.C. §1973b, James City County has "publicize[d] the intended commencement ...of [this] action in the media serving [James City County] and in the appropriate United States post offices."   A Notice of Intent to Seek a Bailout was published in the  May 21, 2011, May 28, 2011 and June 4, 2011 editions of the Virginia Gazette, a twice weekly published newspaper of general circulation in James City County, and these notices also were posted in County office buildings, the Libraries, the Schools, the Emergency Operations Center, Law Enforcement Center, the Social Services offices, the Registrar of Elections Office, the Courthouse, the Post Office, County Government Channel 48, and on the James City County webpage and online services.

WHEREFORE, plaintiff James City County respectfully prays that this Court:

A.  Convene a three-judge court, pursuant to 28 U.S.C. §2284 and 42 U.S.C.

§1973b, to hear the claims raised in Plaintiff's complaint;

B.  Enter a declaratory judgment that  James City County and all governmental

units within James City County are entitled to a bailout from the special remedial

provisions of the Voting Rights Act; and

C.  Grant such other relief as may be necessary and proper as the needs of justice

may require.

> Respectfully submitted,
>
> **For the Plaintiff JAMES CITY COUNTY:**
>
> J. GERALD HEBERT
> Attorney at Law
> DC Bar No. 447676
> 191 Somervelle Street, #405
> Alexandria, Va. 22304
> (703) 628-4673 (Office)
> hebert@voterlaw.com
>
> LEO P. ROGERS
> County Attorney
> 101-C Mounts Bay Road
> Williamsburg, VA 23185
> (757) 253-6614
> VA Bar No. 28906
> lprogers@james-city.va.us